# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 16-1502V

(not to be published)

| | |
|---|---|
| DARRELL G. MAYO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jesse James Johnson, Jr.*, Johnson Gardy & Teumer, Suffolk, VA, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On November 14, 2016, Darrell Mayo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome following the administration of an influenza vaccine on October 1, 2014. (Petition at 1). On November 21, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 101).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for a final award of attorney's fees and costs (motion, dated May 7, 2020 (ECF No. 108)), requesting a total award of $53,265.35 (representing $44,674.69 in fees and $8,590.66 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 108-7 at 3). Respondent reacted to the motion on May 15, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to my discretion to determine the amount to be awarded. (ECF No. 109). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the total amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests that I endorse the following hourly rates for attorney Jessie J. Johnson, Jr. and his paralegals:

|            | 2015  | 2016  | 2017  | 2018  | 2019  | 2020  |
|------------|-------|-------|-------|-------|-------|-------|
| **Johnson**    | $430  | $430  | $440  | $455  | $464  | $484  |
| **Paralegals** | $145  | $145  | $148  | $153  | $156  | $163  |

(ECF No. 108-1 at 33).

I find adjustments are needed to the rates requested, due to counsel's inexperience in the Vaccine Program.

Mr. Johnson has been a practicing attorney since 1975, placing him in the range of attorneys with over 31 years of experience. (ECF No.108-6 at 1). The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range.[3] However, Mr. Johnson does *not* have demonstrated Vaccine Act experience. Rather, Mr. Johnson primarily handles criminal matters, contract, and real estate litigation and condemnation law on a contingency fee basis, and this was Mr. Johnson's first case in the Vaccine Program. (ECF No. 108-6 at 1).

Accordingly, it is not proper for Mr. Johnson to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Similarly, the requested rates for the paralegals are on the highest end of the range. While they individually may have ample experience performing their jobs, that experience is not in the Vaccine Program. (*Id*).

Accordingly, I find it reasonable to reduce the requested rates to the following:

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|
| **Johnson** | $385 | $395 | $405 | $415 | $425 | $440 |
| **Paralegals** | $135 | $135 | $135 | $145 | $145 | $145 |

This will reduce the overall amount of attorney fees to be awarded by **$3,702.90**.[4]

### B. Administrative, Excessive, and Time Billed for Travel

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees requested must be reduced to account for non-compensable tasks, including administrative tasks, excessive billing, and time billed for travel.

The filed billing records reveal multiple instances when Petitioner seeks compensation for work the Program does not compensate for or compensates at a reduced hourly rate. For example, there are several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- February 16, 2016 (0.10 hrs) "Sent facsimile to provider re: records";

- October 31, 2016 (0.10 hrs) "Faxed request to Dr. Atwater re: letter of disability";

- November 15, 2016 (1.0hrs) "Copied exhibits for mailing";

---

[4] This amount is calculated as follows: Attorney hours: ($430 - $385 = $45 x 1 hr = $45) + ($484 - $385 = $99 x 0.50 hrs = $49.50) + ($430 - $395 = $35 x 7.1 hrs = $248.50) + ($484 - $395 = $89 x 2.1 hrs = $186.90) + ($440 - $405 = $35 x $416.50) + ($484 - $405 = $79 x 3.3 hrs = $260.70) + ($455 - $415 = $40 x 13.13 hrs = $525.20) + ($464 - $425 = $39 x 18.6 hrs = $725.40) + ($484 - $440 = $44 x 1.5 = $66) = $2,523.70. Paralegal hours: ($145 - $135 = $10 x 72.49 hrs = $724.90) + ($148 - $135 = $13 x 15.73 hrs = $204.49) + ($156 - $135 = $21 x 1.8 hrs = $37.80) + ($153 - $145 = $8 x 9.1 hrs = $72.80) + ($156 - $145 = $11 x 12.5 hrs = $137.50) + ($163 -$145 = $18 x 0.1 hrs = $1.80) = $1,179.29. ($2,523.70 + $1,179.29 = $3,702.99).

4

- December 5, 2017 (0.50 hrs) "Copied additional medical records received in preparation to send to Life Care Planner"; and

- June 25, 2018 (0.10 hrs) "Fax letter of representation and request for medical opinion to Dr. Atwater at EVMS."

(ECF No. 108-1 at 5, 9, 10, 20, and 24).

In addition, special masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Here, counsel and the paralegals billed a total of 26.53 hours for work relating solely to preparing the petition, which, when filed, consisted of three pages and one cover sheet. (ECF No. 1). This constitutes excessive billing on a single matter.

Further, the records include multiple entries requesting full paralegal rates for traveling to pick up various medical records and copies. (ECF No.108-1 at 5 and 11). In the Vaccine Program, special masters traditionally compensate time spent traveling at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, no explanation has been provided as to why multiple records were personally picked up rather than being mailed to counsel's office, which would have been a significantly lower cost.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011). To account for the above instances of improperly-billed time, I reduce the overall amount to be awarded by 25 percent. This results in a reduction of **$10,242.95.**[5]

---

[5] This amount is calculated after the hourly rate reduction was reduced from the total. $44,674.69 - $3,702.90 = $40,971.79 x .25 = $10,242.95.

5

**ATTORNEY COSTS**

Petitioner requests $8,590.66 in overall costs. (ECF No. 108-2 at 7). This amount is comprised of obtaining medical records, expert costs, shipping, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with a few exceptions where costs have not been substantiated with any supporting documentation. These costs are:

- 2015: Medical Records - Sentara Belle Harbour Emergency Room - $43.25;

- December 30, 2015: Medical Records - Smithfield Therapy Center – St. Luke's - $30.24;

- December 29, 2017: Medical Records – Dr. Chamali - $17.61 and

- January 22, 2018:  Certified Mail, Return Receipt Requested, Mail Petitioner's report to defendant - $6.67.

(ECF No. 108-2 at 2-5).

As these costs have no supporting documentation, they will not be reimbursed. This reduces the costs to be awarded by **$97.77**.

In addition, costs associated with Petitioner's lost wages expert, Robert W. Cook, are also excessive and vague. Mr. Cook submitted invoices for 23.75 hours of time billed at $275 per hour, for a total of $6,531.25. While the expert's requested hourly rate is reasonable, I find the amount of time billed to be excessive. This is particularly true due to apparent inefficiencies by either Petitioner's counsel or Mr. Cook.

Specifically, multiple lost income evaluations were prepared and/or updated. Petitioner's first lost income evaluation was filed on January 31, 2019. (ECF No. 74). It was then updated, without an explanation as to why an updated evaluation was needed, on April 1, 2019. (ECF No. 78). Inaccuracies noted by Respondent necessitated another revised lost income report, which was not provided until June 18, 2019. Further, despite the time and effort expended, Petitioner's multiple evaluations appears to have overly complicated the settlement discussion instead of assisting them. As Respondent observed in an October 17, 2019 Status Report, Petitioner's "reports contained vastly different assessments of this item of damages, ranging from a low of $292,940.00 to a high of $1,180,247.00. An additional report was provided to respondent, but not filed, on

June 18, 2019, with a third (and different) assessment of lost past and future wages." (ECF No. 91 at n.1).

Additionally, the invoices filed with Petitioner's motion include many billing entries that are so vague that the tasks preformed are not clear, and I cannot decipher the general substance of work performed or its necessity to the case. Based on my experience, and due to the limited information provided, I find it necessary to reduce these requested costs in the amount of 50 percent. This further reduces the costs to be awarded by **$4,246.45**.[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$34,975.28** (representing $30,728.84 in fees and $4,246.44 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[6] This amount consists of $8,590.66 - $97.77 = $8,492.89 x .50 = $4,246.45.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.